UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA COSTANZO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF STOCKTON, et al.,<br><br>Defendants, | No. 2:18-cv-01803-TLN-AC<br><br>**ORDER** |

  Plaintiff Marsha Costanzo ("Plaintiff") initiated this action on June 25, 2018. (ECF No. 1.) On July 26, 2021, the Court issued a minute order stating "[p]ursuant to the Court's Initial Pretrial Scheduling Order . . . the parties were directed to file a Joint Notice of Trial Readiness ("JNTR") . . . . As of today's date, no dispositive motion or JNTR has been filed. Accordingly, not later than fourteen (14) days following the date of this Order, the parties are directed to file a JNTR. Failure to timely comply with this Order may result in the imposition of sanctions." (ECF No. 19.) On August 10, 2021, Defendants filed a response stating that Plaintiff's counsel indicated Plaintiff intended to dismiss the case as "counsel for both parties agree that the evidence does not demonstrate a violation of Plaintiff's civil rights." (ECF No. 20 at 2.)

1

On August 10, 2021, the Court ordered the parties to submit a Joint Status Report or dispositional documents within thirty days. (ECF No. 21.) The parties failed to respond, so the Court issued another order on September 20, 2021, stating the parties were ordered to respond within fourteen days or risk the imposition of sanctions. (ECF No. 22.) On October 4, 2021, Defendants filed a status report stating they had been unable to reach Plaintiff's counsel to file dispositional documents. (ECF No. 23.)

On October 4, 2021, the Court issued an order to show cause as to why Plaintiff's counsel should not be sanctioned for failure to respond to the Court's Orders. (ECF No. 24.) Plaintiff's counsel responded on October 18, 2021, stating that he had been unable to contact Plaintiff over a "period of months" and "has not been able to locate her," but indicated he would continue to try and do so. (ECF No. 25.) Plaintiff's counsel did not provide any follow up to this response.

On January 20, 2022, the Court issued an order stating "[p]ursuant to Plaintiff's Response to the Order to Show Cause . . . Counsel for Plaintiff was attempting to contact Plaintiff to consult with her. As of today's date, nothing further has been filed. Plaintiff shall file a Status Report within fourteen . . . days of this Minute Order as to the status of this case. Failure to timely file may result in the imposition of sanctions." (ECF No. 26.) Plaintiff failed to respond. On February 11, 2022, the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute. (ECF No. 27.) Plaintiff has not responded.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Ninth Circuit has set forth four factors that a district court must consider before dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits.

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). For the reasons set forth below, the Court finds that these factors weigh in favor of dismissing this case.

///

1       First, the Court has an inherent need to manage its docket.  This matter was brought to this
2 Court in June 2018, and Plaintiff has not moved forward with her case.  Second, the public's
3 interest in expeditious resolution of litigation also favors dismissing this case because the Court is
4 wasting its time and resources attempting to compel Plaintiff's cooperation in litigating her own
5 case.  Third, Plaintiff's failure to participate in the litigation of her case prevents Defendants from
6 seeking some sort of resolution.  Finally, although the disposition of cases based on their merits is
7 preferred, it is unlikely that such is an option here.  The Court simply cannot move forward
8 without Plaintiff's assistance.

9       Thus, for the aforementioned reasons, the Court finds that all four factors support
10 dismissing Plaintiff's case.  As such, the Court hereby DISMISSES all pending claims against
11 Defendants in this action with prejudice.  The Clerk of the Court is directed to close this case.

12     IT IS SO ORDERED.

13 DATED:  March 2, 2022

_____
Troy L. Nunley
United States District Judge